**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| PHILLIP LACEFIELD,<br><br>          Plaintiff,<br><br>     v.<br><br>BIG PLANET et al.,<br><br>          Defendants. | Case No. 2:06-CV-844 DB<br><br>**MEMORANDUM DECISION AND ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*** |

Plaintiff, Phillip Lacefield, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed this *pro se* copyright suit under Title 17 of the United States Code.[1] Plaintiff was allowed to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915(b).[2]  For the reasons discussed below, the Court concludes that Plaintiff must pay the full filing fee before he can proceed with this case.

### ANALYSIS

The *in forma pauperis* statute authorizes the Court to allow an indigent prisoner to file a complaint in federal court without prepaying the filing fee.[3]  At the same time, it also places restrictions on prisoners who have repeatedly filed frivolous

---

[1] 17 U.S.C.A. (West 2007).

[2] 28 U.S.C.A. 1915 (West 2007).

[3] 28 U.S.C. § 1915(a).

complaints.  The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[5]

Section 1915(g) applies where (1) the plaintiff is imprisoned at the time he files suit; and (2) he previously has filed three or more cases in federal court that have been dismissed for failure to state a claim or as frivolous.  The language of section 1915(g) is mandatory.  A federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed.[6]

---

[4] 28 U.S.C. § 1915(g).

[5] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003)(quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997)).

[6] *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001).

The Court previously granted Plaintiff permission to proceed in this case without prepayment of fees under 28 U.S.C. § 1915.[7] At that time, however, the court was unaware that Plaintiff had filed numerous complaints in various other United States District Courts that were dismissed as frivolous or barred by the "three-strikes" provision of section 1915(g).  As observed by the Tenth Circuit, "a federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[8]

A search of the electronic dockets of all United States District Courts reveals that Plaintiff has filed numerous copyright suits throughout the country.  In fact, many of those suits involve similar, if not identical, claims to those presented here.  Critically, court records show that prior to filing this suit Plaintiff was denied leave to proceed *in forma pauperis* in the United States District Court for the Western District of Tennessee because he had previously filed IFP suits in New York, Tennessee and Arkansas that were dismissed for

---

[7] Order on Application to Proceed Without Prepayment of Fees, docket no. 2, filed October 4, 2006.

[8] *See White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)(citing *St. Louis Baptist Temple, Inc. v FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

failure to state a claim or as frivolous.[9]  Thus, based on Plaintiff's documented history of abusive IFP litigation[10] the Court concludes that under 28 U.S.C. 1915(g) Plaintiff may not proceed with this suit without prepaying the entire filing fee.

---

[9] *See Lacefield v. The New York Times Co., et al.*, No. 05-CV-8408-MBM (S.D.N.Y. dismissed for failure to state a claim Sept. 30, 2005); *Lacefield v. The New York Times, et al.*, No. 05-2233-B/P (W.D. Tenn. dismissed for failure to state a claim Oct. 4, 2005); *Lacefield v. Wise, et al.*, No. 4:05CV01139SWW/JTR (E.D. Ark. dismissed as frivolous, malicious, and for failure to state a claim Oct. 24, 2005).

[10] Given Plaintiff's history of litigation, the timing of this suit, and the tenuous grounds for filing in this venue, the Court can only conclude that this suit was filed in a calculated effort to circumvent the filing restrictions imposed in other jurisdictions.

**ORDER**

Plaintiff is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court, while incarcerated, which have been dismissed for failure to state a claim or as frivolous; and, the present Complaint does not fall within the three-strikes exception. Therefore, Plaintiff is **DENIED** leave to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that this action be dismissed under 28 U.S.C. § 1915(g), with no further warning to Plaintiff unless he pays the entire $350.00 filing fee within thirty days from the date of this Order.

DATED this 12 day of December, 2007.

BY THE COURT:

*[signature: Dee Benson]*

Dee Benson
United States District Judge