FILED
U.S. DISTRICT COURT

2008 APR 14  A 10: 32

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

PHILLIP LACEFIELD,

      Plaintiff,       Case No. 2:06-CV-844 DB

v.

BIG PLANET et al.,       **ORDER DISMISSING CASE**

      Defendants.

---

Plaintiff, Phillip Lacefield, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed this case *pro se* alleging claims under the Copyright Act of 1976. *See* 17 U.S.C.A. §§101-1332 (West 2007). Plaintiff was permitted to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. *See* 28 U.S.C.A. 1915 (West 2007). On December 13, 2007, the Court revoked Plaintiff's IFP status pursuant to 28 U.S.C. 1915(g) after discovering that Plaintiff had filed three previous lawsuits which were dismissed as frivolous or for failure to state a claim. Plaintiff was ordered to pay the remainder of the filing fee within thirty days or this case would be dismissed. Based on Plaintiff's motion to reconsider the Court hereby

vacates its previous order and proceeds with screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).  *See* 28 U.S.C.A. § 1915(e) (West 2007).

**ANALYSIS**

**I. Screening Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. Id. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id.

## II. Plaintiff's Allegations

Plaintiff's Complaint alleges that Plaintiff's name, Phillip Anthony Lacefield, is a copyrighted trade name or trademark protected against infringement under both federal and common law. Plaintiff alleges that WREG-TV, a television station with corporate offices in Memphis, Tennessee, wrongfully used Plaintiff's copyrighted name in its news reports concerning Plaintiff's fraudulent activities.[1]  Plaintiff alleges that these reports were disseminated worldwide by WREG-TV and its affiliates via television, radio and the internet.

Plaintiff's only allegation regarding the two Utah defendants, Sydnee Fox and Big Planet, is that they "used the United States FCC wires to use and publish Plaintiff's Common-Law Copyrighted property [his name] when their call was placed to defendants Andy wise and WREG-TV."  (Compl. ¶ 24.)  Although this allegation is somewhat confusing, it appears from the exhibits attached to the Complaint that one of the reports prepared by WREG-TV included portions of a telephone conversation between reporter Andy Wise and a Big Planet employee, Sydnee Fox, in which Fox stated that Plaintiff had fraudulently represented a business which incorporated one of Big Planet's exclusive products.[2]  (Compl. Ex. B at 4.)  At the time of this telephone

conversation Fox worked at Big Planet's corporate offices in Provo, Utah. Thus, Plaintiff apparently contends based on this conversation that Fox and Big Planet "used" and "copied" Plaintiff's name in violation of copyright restrictions.

Plaintiff's Complaint seeks compensatory, general and special damages from each defendant in the amount of twenty-five billion dollars. Plaintiff also seeks twenty-five billion dollars in punitive damages from each defendant.

### III. Sufficiency of Plaintiff's Complaint

The Court first addresses Plaintiff's primary claim that the mere mention of his name in news articles or television stories amounts to copyright infringement. Although Plaintiff's Complaint generally references a number of statutes it does not cite any specific provision as support for this novel legal theory. Importantly, Plaintiff's theory ignores the well-recognized "fair use doctrine" under both the common law and federal statute. That doctrine exempts from copyright protection certain limited and useful forms of copying and distribution of copyrighted works. As incorporated into the Copyright Act of 1976 the "fair use doctrine" explicitly provides for the unauthorized use of copyrighted works for purposes of, among other things, "news reporting." See 17 U.S.C.A. § 107 (West 2007). Because Plaintiff's Complaint and attached exhibits show

that the alleged use of Plaintiff's name was exclusively for purposes of news reporting it is highly unlikely that Plaintiff can make out a copyright infringement claim against any of the defendants. As explained below, however, the Court need not make a determination on this issue here.

The Court now turns to the sufficiency of Plaintiff's allegations regarding Sydnee Fox and Big Planet. Even assuming that Plaintiff could show a copyright violation by WREG-TV or its affiliates based on their reporting, the Complaint and attached exhibits show that Sydnee Fox and Big Planet were not directly involved. Plaintiff's contention that Fox, and by extension Big Planet, infringed Plaintiff's copyright merely by uttering Plaintiff's name during a telephone conversation with a reporter is clearly baseless. Plaintiff does not offer any support whatsoever for his assertion that such an utterance amounts to an unauthorized "copying" or "use" for copyright purposes. Moreover, even accepting Plaintiff's strained logic there is no indication that Fox or Big Planet knew Plaintiff's copyrighted name would be used in WREG-TV's reporting, much less that they condoned or authorized such use.

In sum, not only is it doubtful whether Plaintiff can make out a viable copyright claim based on the use of his name in WREG-TV's reporting, but, Plaintiff clearly cannot show that

Sydnee Fox or Big Planet played a significant role in the reporting. In fact, Plaintiff's allegations against Fox and Big Planet are so tenuous that they appear to be little more than a convoluted attempt to establish jurisdiction in this Court. Thus, the Court concludes that Plaintiff's allegations regarding Sydnee Fox and Big Planet fail to state a claim on which relief can be granted.

### IV. Venue

Having concluded that Plaintiff's allegations against the Utah defendants fail to state a claim the Court now addresses whether Plaintiff may pursue his claims against the remaining defendants in this venue. Although the *in forma pauperis* statute contains no express authorization for a dismissal for improper venue, the Tenth Circuit has held that a district court may, in certain limited circumstances, properly dismiss under § 1915 based on such an affirmative defense. *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006). A district court may consider venue *sua sponte* under § 1915 "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Id.* (quoting *Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995)).

Given the insufficiency of Plaintiff's allegations against Fox and Big Planet it is obvious from the face of Plaintiff's

Complaint that venue is improper in this district.[3]  Under the federal transfer statute, see 28 U.S.C. § 1406(a), a court may sua sponte cure a venue defect by transferring a suit, rather than dismissing it without prejudice, if doing so would be "in the interest of justice."[4]  The Tenth Circuit has interpreted the phrase "if it be in the interest of justice" to grant the district court discretion in deciding whether to transfer an action or dismiss it without prejudice.  See United States v. Botefuhr, 309 F.3d 1263, 1274 n. 8 (10th Cir. 2002).

Plaintiff's documented history of repetitive and meritless litigation argues against transferring Plaintiff's remaining claims to an appropriate venue.  According to court records, since 2005 Plaintiff has filed eight separate cases in five district courts across the country.  Several of those cases assert similar if not identical claims to those presented here.  Thus far, at least three of Plaintiff's cases have been dismissed for failure to state a claim and Plaintiff has unsuccessfully exhausted his appeals in each case.  See Lacefield v. New York Times Co., No. 1:05-CV-8408-MBM (S.D.N.Y. filed Sept. 30, 2005) (dismissed for failure to state claim Sept. 30, 2005), appeal dismissed, No. 05-6811 (2nd Cir. Feb. 12, 2007); Lacefield v. New York Times, No. 2:05-CV-2233-JDB-tmp (W.D. Tenn. filed Mar. 24,

2005) (dismissed for failure to state claim Oct. 4, 2005), aff'd, No. 05-6651 (6th Cir. July 31, 2006), cert. denied, No. 06-9798 (Apr. 30, 2007); Lacefield v. Wise, No. 4:05-CV-01139SWW (E.D. Ark. filed Aug. 22, 2005) (dismissed for failure to state claim Oct. 24, 2005), aff'd, No. 05-4062 (8th Cir. May 24, 2006). Based on this litigation history Plaintiff is now a restricted filer under 28 U.S.C. § 1915(g).

A closer look at one of Plaintiff's previous lawsuits also persuades the Court that transfer of this case is unwarranted. Court records show that Plaintiff previously filed a complaint in the Western District of Tennessee asserting nearly identical claims to those presented here and naming as defendants three of the same defendants sued here. See Lacefield v. WREG-TV, No. 2:05-CV-2810-JPM (W.D. Tenn. filed Oct. 26, 2005). Plaintiff was denied leave to proceed IFP in that case based on his history of vexatious litigation and the case was eventually dismissed for failure to pay the required filing fee. The dismissal is currently on appeal to the Sixth Circuit.

Given the tenuousness of Plaintiff's allegations against the Utah defendants, and the fact that this lawsuit is essentially a rehash of an unsuccessful suit filed previously in the Western District of Tennessee, the Court can only conclude that this case

represents a brazen attempt to circumvent another court's denial of IFP status.  Thus, the Court concludes that transfer of Plaintiff's remaining claims to an appropriate venue would not be in the interest of justice; they are, therefore, dismissed without prejudice.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) the Court's order of December 13, 2007, revoking Plaintiff's IFP status, is **vacated**;

(2) Plaintiff's claims against Sydnee Fox and Big Planet are **dismissed** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted;

(3) Plaintiff's remaining claims are **dismissed** without prejudice under Rule 12(b)(3) for improper venue, see Fed. R. Civ. P. 12(b)(3); and,

(4) in accordance with the Court's previous orders, Plaintiff shall continue to make payments toward the filing fee in this case until it is paid in full.

DATED this 11th day of April, 2008.

BY THE COURT:

_____
Dee Benson
United States District Judge

---

1 According to court records, on February 5, 2003, Plaintiff plead guilty in the Western District of Tennessee to three counts

of racketeering and one count of aggravated identity theft. Plaintiff was sentenced to 57 months imprisonment and ordered to pay $314,825.83 restitution. *See USA v. Lacefield*, 2:02-CR-20051-SHM (W.D. Tenn. filed Feb. 27, 2002). In a separate case Plaintiff was convicted by a jury of five counts of fraud and making false statements and was sentenced to 41 months imprisonment. *See USA v. Lacefield*, 2:02-CR-20203-SHM (W. D. Tenn. filed May 28, 2002).

[2] Big Planet is allegedly a corporation organized under the laws of the State of Utah.

[3] According to the Complaint, nine of the remaining defendants reside in Tennessee, two reside in Massachusetts and one resides in New York. Thus, it appears that the most appropriate venue for Plaintiff's remaining claims is in the Western District of Tennessee.

[4] Section 1406(a) reads:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C.A. § 1406(a) (West 2007).