FILED
U.S. DISTRICT COURT

2008 JUL -3 A 10:09

DISTRICT OF UTAH

BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PHILLIP LACEFIELD,<br><br>        Plaintiff,<br><br>  v.<br><br>BIG PLANET et al.,<br><br>        Defendants. | Case No. 2:06-CV-844 DB<br><br>**ORDER DENYING MOTION TO RECONSIDER** |

Plaintiff, Phillip Lacefield, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed this *pro se* copyright lawsuit under Title 17 of the United States Code. *See* 17 U.S.C.A. (West 2007). Plaintiff was initially permitted to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915(b). *See* 28 U.S.C.A. 1915 (West 2007). On April 14, 2008, the Court dismissed Plaintiff's Complaint for failure to state a claim, and for improper venue. (Doc. No. 14.) Before the Court is Plaintiff's motion for reconsideration, filed May 20, 2008.

A motion for reconsideration is not specifically provided for in the rules of civil procedure. However, they are commonly considered pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes a motion to alter or amend a judgment. Plaintiff's Motion to Reconsider does not meet the standard set forth in Rule 59. "A Rule 59(e) motion to alter or

amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10 Cir. 1997) (citations omitted). Thus, the scope of Rule 59(e) is quite limited:

> A party should not use a motion for reconsideration to reargue the motion or present evidence that should have been raised before. Moreover, a party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden. When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument under [Rule 59(e)]."

*NL Indus., Inc. v. Commercial Union Ins. Cos.*, 938 F. Supp. 248, 249-50 (D.N.J. 1996) (internal quotes omitted); *Resolution Trust Corp. v. Greif*, 906 F. Supp. 1446, 1456-57 (D. Kan. 1995)("A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court.").

Plaintiff's motion does not present new evidence or demonstrate a manifest error of law, it merely reargues his case. Because Plaintiff has not met the standards required under Rule 59(e), Plaintiff's Motion to Reconsider is DENIED.

DATED this 30th day of June, 2008.

BY THE COURT:

_____
Dee Benson
United States District Judge